**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**HARDIN & COMPANY, Inc., et al., Appellees.**

No. 21847.

United States Court of Appeals Fifth Circuit.

May 3, 1966.

Bessie Margolin, Associate Sol., Dept. of Labor, Washington, D. C., Charles Donahue, Sol. of Labor, Robert E. Nagle, Anastasia T. Dunau, Attorneys, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, for appellant.

John A. Lusk, Jr., Gadsden, Ala., William F. Gardner, Birmingham, Ala., Lusk, Swann, Burns & Stivender, Gadsden, Ala., Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., of counsel, for appellees.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Northern District of Alabama holding that certain business corporations do not together constitute an enterprise within the meaning of Sections 3(r) and 3(s) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as amended in

1961,[1] dismissing the complaint and denying requested relief as to some of the businesses and limiting the relief granted to designated employees of one of the business organizations involved.

The action was brought by the Secretary of Labor under § 17 of the Act to enjoin alleged violations of its provisions with reference to minimum wage, overtime and record keeping requirements, and to enjoin the continued withholding of wages alleged to be owing to certain employees of the appellees. After a full evidentiary hearing, during which a number of witnesses appeared and substantial documentary evidence was presented, the District Court entered extensive findings of fact and conclusions of law holding that under the facts of the case the businesses involved do not constitute related activities performed through unified operation or common control for a common business purpose, and that the appellees do not constitute an enterprise within the meaning of the Act.

A careful review of the record convinces us that the facts found by the District Court are supported by substantial evidence and that the legal conclusions reached are supported by the facts so found. Wirtz v. Hardin & Co., Inc., et al., 253 F.Supp. 579. The judgment is Affirmed.

1. Sections 3(r) and 3(s) (1) read in pertinent part as follows:

"SEC. 3. As used in this Act—

\*      \*      \*      \*      \*

"(r) 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor: *Provided,* That, within the meaning of this subsection, a retail or service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of any arrangement, which includes, but is not necessarily limited to, an agreement, (1) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (2) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (3) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area, or by reason of the fact that it occupies premises leased to it by a person who also leases premises to other retail or service establishments.

"(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person:

(1) any such enterprise which has one or more retail or service establishments if the annual gross volume of sales of such enterprise is not less than $1,000,000, exclusive of excise taxes at the retail level which are separately stated and if such enterprise purchases or receives goods for resale that move or have moved across State lines (not in deliveries from the reselling establishment) which amount in total annual volume of $250,000 or more; \* \* \*."