**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**Ernest SIDERIS and Chris Sideris, d/b/a Aero Apartment/Hotel, the Irwin Hotel and the Edward Hotel, Appellees.**

No. 81–2366.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1982.

Decided Sept. 16, 1982.

---

Frost & Meyers, Omaha, Neb., for appellees.

T. Timothy Ryan, Jr., Sol. of Labor, Beate Bloch, Associate Sol., Mary-Helen Mautner, Mary Ann Bernard, Attorneys, U. S. Dept. of Labor, Washington, D. C., for appellant.

Before ARNOLD, Circuit Judge, MILLER,* Judge, and COLLINSON,** Senior District Judge.

COLLINSON, Senior District Judge.

The Secretary of Labor instituted an action against the appellees under Section 16(c) and 17 of the Fair Labor Standards Act ("FLSA" or "Act"), Title 29, United States Code, Section 201, et seq., charging them with violations of its minimum wage, overtime, and record keeping provisions with respect to three hotels. The appellees, Chris and Ernest Sideris, are brothers and business partners who own the Aero, Irwin and Edward Hotels in Omaha, Nebraska. In addition, they own 54.8 per cent of the Sideris Realty Company which owns a fourth hotel, the Conant. The Sideris Realty Company leases the Conant Hotel to the Sideris Investment Corporation for operation. Chris and Ernest Sideris are president and vice-president respectively of the investment company.

The Secretary sought an injunction against future violations of the Act and recovery of back wages, together with an equal amount in liquidated damages. The Department of Labor contends that the Aero, Irwin and Edward Hotels are covered by the FLSA because they are part of a "single enterprise" with the Conant. The district court[1] disagreed and dismissed the Secretary's complaint. We reverse.

The FLSA covers all employees of certain statutorily-defined "enterprises engaged in commerce." Enterprise is defined in Title 29, United States Code, Section 203(r) as

the related activities performed (either through unified operation or *common control*) by either person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units.... (Emphasis added).

One type of enterprise is "an enterprise which is comprised exclusively of one or more retail or service establishments and whose annual gross volume of sales made or business done" was not less than $250,000 before July 1978; $275,000 between July 1, 1978, and June 30, 1980; and $325,000 between July 1, 1980, and December 31, 1981. Title 29, United States Code, § 203(s)(2). The Secretary concedes that the Aero, Irwin and Edward hotels taken together do not have the minimum amount of dollar volume to be covered as an "enterprise" without the Conant.[2]

The district court based its decision for appellees upon the fact that minority shareholders in the Sideris Realty Company, who are also Sideris family members, participate in the decision making with respect to corporate properties. The Court described the decision making process concerning the realty company and the investment corporation as a family "agreement to agree" as to policy decisions affecting the companies. The Court concluded that there was no "common control center having ultimate power to make binding decisions for all units of the enterprise," and held that there was no "common control" as required by 29 U.S.C. § 203(r), notwithstanding the fact that Chris and Ernest Sideris had majority stock ownership in the realty company.

---

\* The Honorable Jack R. Miller, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

\*\* The Honorable William R. Collinson, Senior District Judge Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Albert G. Schatz, United States District Court for the District of Nebraska.

2. It is undisputed that the Sideris brothers did not pay certain of their employees at the three hotels either the statutory minimum wage or the statutory overtime premium for hours worked over a 40-hour work week.

We hold that the four hotels are under "common control" within the meaning of Section 3(r) of the Act. There is no evidence that the Sideris brothers entered into any formal agreement with any other family members giving up their ability as majority shareholders to control Sideris Realty or the Sideris Investment Corporation.[3] There is no evidence, moreover, that anyone other than Chris, Ernest or their sister, Helen, took an active role in the management of the Conant. The district court's holding that as a matter of law "common control" is lacking because Chris and Ernest informally *chose* to share control with minority shareholders is not supported by the weight of the evidence. See, *Wirtz v. Barnes Grocery Co.*, 398 F.2d 718 (8th Cir. 1968).

For the foregoing reasons, the judgment entered by the district court should be reversed and the case should be remanded with instructions to proceed for determination of the amount of back wages and liquidated damages owing and for entry of an injunction restraining future violations of the Act.

---

**3.** There is no evidence of any written agreement, nor even of an oral agreement with definite terms and with a definite duration.