[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2011
JOHN LEY
CLERK

No. 10-12653
Non-Argument Calendar

D. C. Docket No. 2:09-cv-14135-JEM

CARLA CORNELL,
JAMES HARP,

                                        Plaintiffs-Appellees.

versus

CF CENTER, LLC,
a Florida corporation,
COASTAL FLOORS AND GRANITE, LLC,
a Florida corporation,
COASTAL FLOORS I, INC.,
a Florida corporation,
CONTRACTORS FLOORING, INC.,
a Florida corporation,
COASTAL FLOORS II, INC.,
a Florida corporation,
GRANITE BY COASTAL, INC.,
a Florida corporation,
JAY A. MELTZER, individually,
NICHOLAS ELLIOTT, individually,

                                        Defendants-Appellants,

(January 21, 2011)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a jury verdict in favor of the Appellees for Appellants' alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). According to the amended complaint, Appellees Carla Cornell and A. James Harp were often required to work more than forty hours a week as a result of the concerted efforts of the Appellants. Specifically, Cornell and Harp testified that they were not allowed to take lunch breaks, even though an hour a day was deducted from their time sheets for that purpose. Following a trial, the jury found in favor of Cornell and Harp. Cornell was awarded $9,222.06 and Harp $6,252.00.

While Cornell and Harp worked primarily for CF Center, LLC, they contend that the corporate entities were, as a matter of economic reality, jointly engaged in the floor covering business and acted as their joint employers. The corporate

Appellants – owned by Jay Meltzer before he sold his interest to Nicholas Elliot – contend that the district court improperly allowed Cornell and Harp to conflate and combine separate corporate entities in order to meet the annual gross sales requirement of the FLSA and establish joint liability. Appellants argue that Cornell and Harp failed to meet their burden at trial to establish that they were improperly denied overtime pay. Appellants now appeal the district court's denial of their motion for judgment as a matter of law on these points. Appellants further appeal the district court's denial of their motion for a new trial based on their claim that the jury's verdict was against the great weight of the evidence.

This court reviews *de novo* the district court's denial of a Rule 50 motion for judgment as a matter of law. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003). Denial of a motion for a new trial is subject to abuse of discretion review. *Action Marine, Inc. v. Cont'l Carbon, Inc.*, 481 F.3d 1302, 1309 (11th Cir. 2007).

Appellants contend that they are not subject to the FLSA because the Appellees failed to establish that they were employed by an enterprise with at least $500,000 in gross revenues. CF Center, LLC – Cornell and Harp's primary employer – had revenues of $469,193 for 2008. Appellants maintain that the inquiry should end here. Cornell and Harp argue that the revenue of Granite by Coastal, Inc., should also be included. Granite's revenue was $827,000.

3

This court has broadly construed the coverage requirements under the FLSA. The FLSA allows for coverage under a joint enterprise theory. *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984). The FLSA states, "'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed by such enterprise by an independent contractor. . . ." 29 U.S.C. § 203(r). In *Patel v. Wargo*, we explained that "the legislative history of the FLSA and the case law demonstrate that the enterprise analysis was included in the FLSA solely for the purpose of expanding the scope of coverage of the statute. The legislative history clearly states the congressional purpose to expand the coverage of the Act, i.e., to lump related activities together so that the annual dollar volume test for coverage would be satisfied." 803 F.2d 632, 636 (11th Cir. 1986). The enterprise and liability analyses are distinct. "The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship." *Id.* at 637.

Appellants claim that their separate tax identifications, banking accounts, and tax returns establish that they are not engaged in a joint enterprise. Questions such as these, however, require courts to "look beyond formalistic corporate separation to the actual pragmatic operation and control, whether unified or, instead, separate as to each unit." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 970 (5th Cir. 1984). Cornell and Harp have provided a wealth of evidence to show that, practically speaking, the corporate defendants functioned as a single unit for the purpose of selling and installing flooring. Business cards issued by the Appellants identify the business simply as "Coastal Floors" without identifying a particular corporate entity. Furthermore, these cards refer to locations in Port St. Lucie, Vero Beach, and Stuart. CF Center is located in Vero Beach, whereas Granite by Coastal is in Port St. Lucie. Granite by Coastal banners were hung in CF Center's showroom. Moreover, the corporations share a website which, like their business cards, treats the corporations interchangeably, listing four business locations without indicating which corporation is located in which city. A liability release signed by Harp includes a number of the corporate defendants, contradicting their claim that there is no relationship between them. Harp, upon beginning his employment with CF Centers, was required to sign a safety policy that listed his employer as Coastal Floors I, Inc. Meltzer summed up the business

reality best when he testified regarding the companies' health plan, stating, "Contractors Flooring was an existing company for tax purposes. Coastal Floors – see, Contractors Flooring was probably the initiator of the plan early, early on. Coastal Floors I, II or III were established – I don't know if my bookkeeper had made a name change to the policy as required or not. I own them all, so I don't think it mattered." (R.117 110:13-18.) This evidence was more than sufficient to allow coverage under the FLSA subject to an enterprise analysis.

While the question of liability is different than coverage under the FLSA, many of the same factors support both the district court and the jury's finding that, effectively, Cornell and Harp were employed by all of the entities. As with the joint enterprise analysis, whether a party qualifies as a joint employer for liability purposes depends on whether "as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). Under the FLSA "[a] determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." 29 CFR 791.2. This case-by-case inquiry turns on no formula, but the court will consider factors such as control, supervision, right to hire and fire,

ownership of work facilities, investment, and pay-roll decisions. *Antenor*, 88 F.3d at 932-37.

It is clear from the evidence discussed above that the multiple corporate defendants were acting in one purpose, a purpose that the employment of Cornell and Harp furthered. Appellants often conflated what corporation conducted what activity. This confusion included matters of employment, as evidenced by the Coastal Floors I safety plan and Contractors Flooring health plan applying to CF Centers's employees. Appellants' argument that these companies are completely separate ignores the economic reality analysis required by the FLSA. Thus, the district court's refusal to grant Appellants' motion for judgment as a matter of law was proper.

Nor did the district court abuse its discretion in denying Appellants' motion for a new trial. Appellants' claim that the jury verdict was against the great weight of the evidence appears to be based almost entirely on their contention that the jury gave too much weight to the testimony of Cornell and Harp and should have found them not credible. But as this court has said before, "we do not assume the jury's role of weighing conflicting evidence or inferences, or of assessing the credibility of witnesses." *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1177 (11th Cir. 2005). Cornell and Harp testified in detail regarding their

claims that they were not permitted to take lunch breaks and were not compensated for this extra hour of work. While Appellants were able to solicit testimony from Cornell and Harp that possibly contradicts some of their claims, it was for the jury to assess their credibility. While Appellants may believe that the jury came to the wrong conclusion, they have failed to show that the great weight of the evidence so undermines the jury's decision as to warrant a new trial, and the district court did not abuse its discretion in denying one.

Accordingly, for the aforementioned reasons, we affirm the district court's order denying Appellants' motion for a judgment as a matter of law and the order denying Appellants' motion for a new trial.

**AFFIRMED.**