William **VIGNOLI**, Laura Pato Castillo, Juan Sebastian Vignoli, and other similarly-situated individuals, Plaintiffs,

v.

**CLIFTON APARTMENTS, INC.,** Serrano Import Corporation, and Elaine Fickers, individually, Defendants.

Case No. 12–cv–24508–JLK.

United States District Court, S.D. Florida, Miami Division.

March 13, 2013.

Ruben Martin Saenz, The Saenz Law Firm, P.A., Aventura, FL, Zandro E. Palma, Zandro E. Palma, P.A., Miami, FL, for Plaintiffs.

Edilberto O. Marban, Coral Gables, FL, for Defendants.

### ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court on Defendants' Motion to Dismiss the Complaint.[1] The matter is fully briefed.[2] After a careful review of the record, the Court grants the Motion and dismisses the Complaint[3] without prejudice.

### I. *Background*

This is an action seeking unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Title XXXI, Chapter 448.110. Defendants Clifton Apartments and Serrano Import are alleged to own several rental apartment buildings in the Miami area of which Defendant Elaine Fickers is the Administrator and Registered Agent.

The Plaintiffs allege that from 2003 through March 26, 2012, Defendants jointly[4] employed each of them without regularly paying a salary commensurate with the minimum wage rate. Specifically, Defendants jointly employed William Vignoli as a Resident manager, Laura Pato Castillo (William Vignoli's fiancee) as an Assistant Manager, who did not receive any payment for her work beyond her living accommodations[5], and Juan Sebastian Castillo as a handyman. Plaintiffs' five-count Complaint seeks recovery for Defendants' failure to pay minimum wages under federal and Florida law, failure to promptly pay wages under federal law, and retaliatory termination of employment under federal and Florida law. (DE 1).

Defendants argue in their Motion to Dismiss that the Complaint does not allege sufficient facts to support a claim that the

---

1. Filed January 11, 2013. (DE 9).

2. Plaintiffs filed their Response to the Motion on January 28, 2013. (DE 11). Defendants filed their Reply on January 29, 2013. (DE 29).

3. Filed December 21, 2012. (DE 1).

4. Plaintiffs seek to establish that their employment was covered by FLSA under a joint enterprise theory.

5. The Plaintiffs do not allege that Laura Pato Castillo was provided the residential unit as a condition for her employment, but rather as a form of compensation. (DE 1 at 4). It is not clear from the complaint if this is a separate residential unit from the unit(s) provided to William Vignoli and Juan Sebastian Vignoli.

Defendants (1) engaged in interstate commerce under FLSA and (2) constituted a joint enterprise under FLSA. (DE 9 at 1, 3).[6] As discussed below, the Court finds that the Plaintiffs have plead sufficient facts to survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss with respect to engaging in interstate commerce, but not as to Defendants operating a joint enterprise.

## II. *Legal Standards*

█ The question of enterprise coverage implicates both the Court's jurisdiction and the merits of the case. *Gonzalez v. Old Lisbon Restaurant & Bar, LLC, et al.,* 820 F.Supp.2d 1365, 1367 (S.D.Fla.2011). Where enterprise coverage is questioned, the Court should find it has jurisdiction and deal with the question as an attack on the merits of the case. *Id.* at 1368 (internal quotations omitted). Therefore, the Court finds that it has jurisdiction for the purposes of the Motion to Dismiss, and will deal with the question of enterprise coverage under Fed.R.Civ.P. 12(b)(6).

a. *A Motion to Dismiss under Rule 12(b)(6).*

When reviewing a Rule 12(b)(6) motion to dismiss, all well-plead facts and any attendant, reasonable inferences will be construed as true. *Id.* The Federal Rules only require that a complaint contain a short, plain statement of a claim showing that the plaintiff is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, more than labels, legal conclusions, and a recitation of

the elements of a statute or cause of action are required to satisfy a plaintiff's burden to provide grounds for entitlement to relief. *Id.* Instead, a plaintiff must plead enough specific facts to state the basis for a claim. *Id.*

b. *The FLSA interstate commerce standard.*

█ There are two types of FLSA coverage to satisfy the jurisdictional requirement of interstate commerce: individual coverage and enterprise coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). Individual coverage exists if an *employee* "regularly and directly participates in the actual movement of persons or things in interstate commerce." *Josendis,* 662 F.3d at 1298 *(internal quotations omitted).* Enterprise coverage exists if an *employer* has (1) employees who engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on things that have been moved in or produced for interstate commerce by any person and (2) has annual business revenue of more than $500,000. Here, commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). To satisfy the interstate commerce requirement for individual or enterprise coverage, plaintiffs need only provide "straightforward allegations connecting [their] work to interstate commerce." *Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F.Supp.2d 1373, 1378 (S.D.Fla.2012). To satisfy the annual business revenue requirement, it is enough to simply allege annual business revenue of more than $500,000. *Id.*

---

**6.** Defendants also argue that named plaintiff "Juan Sebastian Vignoli does not allege any facts to support that he was employed [by Defendants]. He merely alleges that he was a handyman and that he was employed [by De-

fendants] since 2003 without payment." (DE 9 at 5). The Court finds that Plaintiffs have sufficiently alleged that Juan Sebastian Vignoli was employed by Defendants.

c. *The FLSA joint enterprise standard.*

 Under enterprise coverage, two businesses may be considered a joint enterprise if they are sufficiently related. *Gonzalez v. Old Lisbon Rest. & Bar, LLC,* 820 F.Supp.2d 1365, 1368 (S.D.Fla.2011). Accordingly, several employers may be simultaneously liable for FLSA violations. To test whether a joint enterprise exists, courts must "look beyond formalistic corporate separation to the actual, pragmatic operation and control" of the business entities. *Cornell v. CF Ctr., LLC,* 410 Fed. Appx. 265, 268 (11th Cir.2011) (quotation omitted).

 To properly allege a joint enterprise, plaintiffs must allege facts that the two businesses "(1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Gonzalez,* 820 F.Supp.2d at 1368 (citing 29 C.F.R. § 779.202; *Donovan v. Easton Land & Dev., Inc.,* 723 F.2d 1549, 1551 (11th Cir. 1984)). "Activities are related when they are the same or similar or when they are auxiliary and service activities." *Donovan v. Easton Land & Dev., Inc.,* 723 F.2d 1549, 1551 (11th Cir.1984) (internal quotations omitted). A unified operation or common control may exist "where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Ceant,* 874 F.Supp.2d at 1381. Business purposes are common when the activities of two or more businesses are "directed to the same business objective or to similar objectives in which the group has an interest." 29 C.F.R. 779.213. However, "[m]ore than a common goal to make a

profit" is required to establish a common business purpose. *Donovan,* 723 F.2d at 1553.

### III. *Analysis*

a. *Plaintiffs have sufficiently alleged interstate commerce.*

 Defendants argue in their Motion to Dismiss that "the Plaintiffs conclude without alleging facts that they were engaged in commerce." (DE 9 at 3). Plaintiffs respond generally that the requirements to allege a FLSA violation are "simple and straightforward." (DE 11 at 2). Plaintiffs then direct the Court to Paragraph 27 of the Complaint, which alleges that

> At all times pertinent to [the] Complaint, the Employers/Defendants operate [sic] as organization [sic] engaged in interstate commerce. The Employers/Defendants obtain [sic] and solicit [sic] funds from non-Florida sources, accept [sic] funds from non-Florida sources, use [sic] internet and telephonic transmissions going over state lines to do their business, transmit [sic] funds outside the State of Florida, and otherwise engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the combined[7] annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum.

These facts are sufficient to allege Defendants are engaged in interstate commerce.

b. *Plaintiffs have failed to allege a joint enterprise.*

 Next, the Defendants argue in their Motion to Dismiss that the Complaint alleges "no facts at all" in supporting a joint enterprise theory of employment.

---

**7.** Plaintiffs allege Defendants were a joint enterprise. Defendants do not raise the issue, and the Court does not consider whether Plaintiffs must allege that at least one business had revenues in excess of $500,000.00 per year.

Plaintiffs do not directly address the factual deficiencies argued by Defendants. Instead, Plaintiffs suggest Paragraphs 5 and 9 through 15 of the Complaint are adequate to meet their burden of pleading sufficient facts to survive a Rule 12(b)(6) Motion to Dismiss.

The Court finds that these facts are insufficient to survive a Rule 12(b)(6) attack on Defendants alleged joint enterprise status. The Complaint does not contain factual allegations describing the type of business activities in which Defendants jointly engage, beyond stating Defendants are owners of several rental apartment buildings. The Complaint is unclear whether Defendants are joint owners of the rental property at which Plaintiffs were working[8].

The Complaint also does not contain factual allegations describing unified operation or common control between Defendants, beyond stating that Elaine Fickers was the administrator and registered agent of both corporate Defendants. Plaintiff cites no case law holding that simply because two businesses employ the same administrator or registered agent they are a joint enterprise. The fact that Elaine Fickers is alleged to have acted as administrator for both corporate Defendants only suggests that she might be considered a joint employer with either corporate Defendant—not that the corporate Defendants are joint employers. *Gonzalez*, 820 F.Supp.2d at 1369. Indeed, the Complaint contains no factual allegations describing how either business is operated or controlled sufficient to enable the Court to determine if such operations are unified or such control is common.

Finally, the Complaint does not contain factual allegations describing a common business purpose. The Complaint does not allege facts describing any business purpose of either corporate Defendant.

For the most part, Plaintiffs have taken the elements for joint enterprise theory and alleged them almost verbatim. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (holding that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of a cause of action will not do"). Plaintiffs' Complaint[9] is scarcely more informative of the factual basis for Plaintiffs' claim of joint enterprise than the attendant federal regulations.

## IV. *Conclusion*

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants' Motion to Dismiss Complaint, (**DE** 9), be, and the same is hereby, **GRANTED.** Plaintiffs' Complaint, (**DE** 1), is hereby **DISMISSED without prejudice.** Plaintiffs have **twenty (20) days** to file an amended Complaint, in accordance with this opinion.

---

8. And where the Plaintiffs were presumably living as a condition of, or as compensation for, their employment; the Complaint is not clear on this matter.

9. Specifically, the Court is referring to Paragraphs 11, 13–15 of the Complaint.